Filed 12/15/25  P. v. Castro CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH JOSE CASTRO,<br><br>  Defendant and Appellant. | H052746<br>(Santa Clara County<br>Super. Ct. No. C2010708) |

Defendant Joseph Jose Castro appeals from a final judgment in a criminal action. Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant of his right to submit written argument on his own behalf.  Defendant responded by filing a four-page handwritten supplemental brief.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issue on appeal.  Following the California Supreme Court's direction in *Kelly*, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  (*Id.* at p. 110.)  We also discuss defendant's contentions and explain why we will affirm the judgment.  (*Ibid*.)

## I.  DISCUSSION

### A. SUMMARY

An amended information filed in 2024 charged defendant with premeditated attempted murder (count 1), possession of a firearm as a convicted felon (count 2), and

assault on a peace officer with a semiautomatic firearm (count 3).  The information alleged that defendant personally used and discharged a firearm.  It also alleged a prior strike conviction.

According to the probation report, the charges stemmed from an incident that took place after defendant was arrested for mail theft.  The arresting officer transported defendant to the jail in the backseat of his police car.  While the officer was completing arrest paperwork in the front of the car, defendant retrieved the officer's gun from a storage compartment in the rear of the car and fired a shot.  Over the next hour, defendant fired approximately five additional shots while barricaded inside the car.  He eventually surrendered to police several hours later.

In exchange for a stipulated sentence of 15 years in prison, defendant pleaded no contest to count 3 (Pen. Code, § 245, subd. (d)(2)); admitted personally using a firearm (Pen. Code, § 12022.53, subd. (b)); and admitted the prior strike conviction.  The trial court imposed the stipulated 15-year sentence, consisting of a five-year lower term and a 10-year firearm enhancement.  In accordance with the plea agreement, the court dismissed the prior strike.  Counts 1 and 2 were also dismissed.  Defendant was awarded 1,738 days of presentence custody credit, representing 1,512 actual days and 226 days of conduct credit.  (Pen. Code, § 2933.1.)

After being sentenced, defendant filed a notice of appeal and requested a certificate of probable cause from the trial court.  (Pen. Code, § 1237.5.)  The court denied his request.

## B.  *WENDE* ANALYSIS

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)  We note that because the trial court denied defendant's request for a certificate of probable cause, an appeal may raise issues relating to the trial court's exercise of sentencing discretion but

may not raise issues challenging the validity of the plea.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 79.)

In his handwritten supplemental brief, defendant identifies three pieces of legislation that he contends entitle him to resentencing:  Senate Bill No. 620 (2017–2018 Reg. Sess.) (eff. Jan. 1, 2018), Senate Bill No. 1393 (2017–2018 Reg. Sess.) (eff. Jan. 1, 2019), and Senate Bill No. 81 (2021–2022 Reg. Sess.) (eff. Jan. 1, 2022).  He cites cases in which defendants sentenced before those laws' enactment were entitled to resentencing under the new laws.  But each of the cited laws took effect years before defendant's 2024 plea and sentencing, so the question of their retroactivity does not arise here.  After the laws were enacted, defendant negotiated a 15-year stipulated sentence and the trial court sentenced him accordingly.  The laws cited by defendant do not provide grounds for a challenge to the agreed-upon sentence that he received.

## II.   DISPOSITION

The judgment is affirmed.

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Bromberg, J.

H052746
*The People v. Castro*